Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Allstar Marketing Group, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTAR MARKETING GROUP, LLC, | |
| *Plaintiff* | **19-cv-4209 (KPF)** |
| v. | |
| 545756338, 66LINMEICHENG66, AINKIN2411, ALL FOR YOURS, ALLINHERE, ALLPICK, ALLSTAR, ANCIENT&MODERN, ANGELA ELECTRONIC SECURITY STORE, ANHUAMARK, ATWM, AUTHURBEAUTY, AUTUMN BOX, AZHANGQIN258, BABYLAND, BAISHU, BALABALAGO, BEAUTIFUL TO ENCOUNTER, BEST QUOTE SHOP, BETTA, BETTY E-COMMERCE TRADE, BIGWORLDLITTLETHINGS, BLUESKY911, BO MOBILE PHONE SHOP, BOLIN2016, BOLIN2018, BUSITECH TRADING CO.,LTD, CANCUN, CANDY FANTASY, CARESHINESHOP, CATHLEEN1995LI, CHANCHIFEIXIANG, CHEAPBUY, CHENGTHEW, CHENJUNGE, CHENRUITAO, CHIANTS, CHUANG SHI TONG, CHUN TIAN LI STORE, CLC, CLEARMAN, DANDBSELL, DDCCTK221168, DIAOCHENG19650211, DYLYOUXIANGONGSI, EASYSPORTS, ECAR, EDELWEISSBLOOM, EFS-BUYING-SHOP_3, ELIVE LIMITED, ERA | **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

INTERNATIONAL, ERONDE TECHNOLOGY LIMITED, ESHOPSTREET, EXPRESSLOVE333, FANG HONG, FASHION STORE CHEN, FASHION_FASHION, FASHIONFINEJO, FASHIONROAD, FASHIONSTYLE, FAST SHOPPING MALL, FATPIG, FEIFEI FASHION BAGS STORE, FENNCOCOM, FONDDY, FREERUNNING, FREESION FASHION SHOP, FREESTYLE17, FULLFULLLOVE, FUN SHOPPING WUY, FUYINGLI, GH147369HH, GIAUR60, GL, GLORIOUSSHOW, GOGOGETIT, GOOD2016, GQYIYI, GRANDBEST520, GREENLIGHT, GUAN NI FRANCHISE STORE, GUANGZHOU TEAMWIN TRADING CO.,LTD, GUOXIAO, GYM EVERYDAY, HAIDI888, HAITINGSTORE, HAIWANGZ, HATTMAN, HGOODLIFE, HIBUYALOT, HILONA, HOPE&HONEY, HSPDSK, HUANGHANGYUANG01, HUAYING TECHNOLOGY CO., LTD, HUIJI, HUIYING, HUOFENGHUANG888, JIAKAIFUSHI, JIALIKITCHEN, JINGLINMEI, JIUJIELUN, JOJO-100, JOJOLIN, JOY_MALL, JTS2014, JUANJUAN, JUANJUANXILIU, JUANZI, KAIYUNANG, KIZETENN and LANGSHA COMPANY,

*Defendants*

## GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or "Allstar"** | Allstar Marketing Group, LLC | N/A |
| **Defendants** | 545756338, 66LinMeiCheng66, ainkin2411, All For yours, allinhere, allpick, Allstar, ancient&modern, Angela Electronic security Store, anhuamark, ATWM, Authurbeauty, Autumn BOX, azhangqin258, Babyland, baishu, balabalago, Beautiful To encounter, Best Quote Shop, betta, betty E- commerce Trade, bigworldlittlethings, Bluesky911, Bo mobile phone shop, bolin2016, bolin2018, BUSITECH Trading Co.,Ltd, Cancun, Candy fantasy, careshineshop, Cathleen1995Li, chanchifeixiang, CheapBuy, Chengthew, chenjunge, chenruitao, Chiants, Chuang Shi Tong, Chun Tian Li Store, clc, clearman, dandbsell, ddcctk221168, diaocheng19650211, DYLyouxiangongsi, easysports, ecar, Edelweissbloom, efs-buying-shop_3, Elive Limited, ERA International, Eronde Technology Limited, Eshopstreet, expresslove333, Fang Hong, Fashion Store Chen, Fashion_Fashion, Fashionfinejo, fashionroad, fashionstyle, Fast shopping mall, fatpig, Feifei fashion bags store, fenncocom, FONDDY, FreeRunning, Freesion Fashion Shop, FreeStyle17, fullfulllove, Fun Shopping WuY, fuyingli, gh147369hh, giaur60, GL, GLORIOUSSHOW, gogogetit, good2016, gqyiyi, grandbest520, greenlight, Guan Ni franchise store, Guangzhou Teamwin Trading Co.,Ltd, guoxiao, GYM everyday, haidi888, haitingstore, Haiwangz, hattman, hgoodlife, hibuyalot, Hilona, HOPE&HONEY, hspdsk, huanghangyuang01, HUAYING TECHNOLOGY CO., LTD, HUIJI, huiying, huofenghuang888, jiakaifushi, JIALIKITCHEN, Jinglinmei, Jiujielun, JOJO-100, Jojolin, Joy_Mall, jts2014, juanjuan, juanjuanxiliu, juanzi, Kaiyunang, Kizetenn and LangSha company | N/A |
| **Defaulting Defendants** | 66LinMeiCheng66, Allstar, ancient&modern, Angela Electronic security Store, ATWM, Authurbeauty, Autumn BOX, azhangqin258, Babyland, baishu, Beautiful To encounter, Best Quote Shop, betta, bigworldlittlethings, Bo mobile phone shop, bolin2016, Cathleen1995Li, CheapBuy, chenjunge, clearman, ddcctk221168, DYLyouxiangongsi, easysports, ecar, efs-buying-shop_3, ERA International, expresslove333, | N/A |

i

| | Fang Hong, Fashion Store Chen, Fashion_Fashion, fatpig, fenncocom, FONDDY, FreeRunning, Freesion Fashion Shop, gogogetit, Guan Ni franchise store, GYM everyday, haitingstore, HOPE&HONEY, huanghangyuang01, HUIJI, huiying, jiakaifushi, JIALIKITCHEN, Jinglinmei, Joy_Mall, jts2014, juanjuan and juanzi | |
|---|---|---|
| **Wish** | Wish.com, a San Francisco, California-based, online marketplace and e-commerce platform owned by ContextLogic, Inc., a Delaware corporation ("ContextLogic"), that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on May 9, 2019 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on May 9, 2019 | Dkt. 11 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on May 9, 2019 | Dkts. 15-18 |
| **De Marco Dec.** | Declaration of Jennifer De Marco in Support of Plaintiff's Application | Dkt. 16 |
| **Arnaiz Dec.** | Declaration of Jessica Arnaiz in Support of Plaintiff's Application | Dkt. 15 |
| **Scully Dec.** | Declaration of Brieanne Scully in Support of Plaintiff's Application | Dkt. 17 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on May 9, 2019 | Dkt. 29 |
| **PI Show Cause Hearing** | May 23, 2019 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | May 24, 2019 Preliminary Injunction Order | N/A |

| | | |
|---|---|---|
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Wish, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products, including Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Magic Mesh Products** | A hands-free screen door, which keeps fresh air in and bugs out, that opens easily and magically closes itself with strong magnets | N/A |
| **Magic Mesh Mark** | U.S. Trademark Registration No. 4,075,316 for "MAGIC MESH" for a variety of goods in Class 19 with a constructive date of first use of March 1, 2011 | N/A |
| **Magic Mesh Works** | U.S. Copyright Reg. VA 1-855-122, covering the Magic Mesh Packaging (English Only), U.S. Copyright Reg. VA 1-855-121, covering the Magic Mesh Packaging (English/French), U.S. Copyright Reg. TXu 1-768-422, covering the Magic Mesh Instruction Manual, U.S. Copyright Reg. VA 1-854-907, covering the Magic Mesh Website (English, USA) (www.magicmesh.com), U.S. Copyright Reg. VAu 1-155-990, covering the Magic Mesh Product Packaging and U.S. Copyright Reg. PA 1-756-445, covering the Magic Mesh Television Commercial | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Magic Mesh Mark and/or Magic Mesh Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Magic Mesh Mark and/or Magic Mesh Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Magic Mesh Mark and/or Magic Mesh Works and/or products that are identical or confusingly or substantially similar to the Magic Mesh Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |

| Defendants' Financial Accounts | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
|---|---|---|
| Financial Institutions | Any banks, financial institutions, credit card companies and payment processing agencies, such as ContextLogic, PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| Third Party Service Providers | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by ContextLogic, such as Wish, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| Defendants' Frozen Assets | Defendants' Assets from Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |
| Wish Discovery | The supplemental report identifying Defendants' Infringing Product Id, Merchant Id, Product Lifetime Units Sold and Product Lifetime GMV, among other things, provided by counsel for ContextLogic to Plaintiff's counsel pursuant to the expedited discovery ordered in both the TRO and PI Order | N/A |
| Plaintiff's Motion for Default Judgment | Plaintiff's Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction should not be entered Against Defaulting Defendants filed on April 27, 2020 | Dkt. 66 |
| Scully Aff. | Affidavit by Brieanne Scully in Support of Plaintiff's Motion for Default Judgment | Dkt. 65 |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition, copyright infringement and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Magic Mesh Mark and Magic Mesh Works, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Brieanne Scully in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.   **Defaulting Defendants' Liability**

1) Judgment is granted in favor of Plaintiff on all claims properly plead against Defaulting Defendants in the Complaint;

## II.   **Damages Awards**

1)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

1

reasonable and Plaintiff is awarded Fifty Thousand Dollars ($50,000.00) ("Defaulting Defendants' Individual Damages Award") in statutory damages against each of the forty-eight (48) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act for a total of Two Million Four Hundred Thousand Dollars ($2,400,000.00) ("Defaulting Defendants' Collective Damages Award") and post-judgment interest;

### III.   **Permanent Injunction**

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendant, its respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Magic Mesh Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Magic Mesh Mark and/or incorporating one or more of the Magic Mesh Works and/or artwork that is substantially similar to, identical to and constitute infringement of the Magic Mesh Works;

   B. directly or indirectly infringing in any manner any of Plaintiff's Magic Mesh Mark and Magic Mesh Works;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Magic Mesh Mark and Magic Mesh Works to identify any goods or services not authorized by Plaintiff;

2

D.  using any of Plaintiff's Magic Mesh Mark and Magic Mesh Works, or any other marks or artwork that are confusingly or substantially similar to the Magic Mesh Mark and Magic Mesh Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

F.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

  i.  Defaulting Defendants' User Accounts and/or Merchant Storefronts;

  ii.  Defaulting Defendants' Assets; and

  iii.  the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

3

G.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Magic Mesh Mark and Magic Mesh Works, or bear any marks or artwork that are confusingly or substantially similar to the Magic Mesh Mark and Magic Mesh Works pursuant to 15 U.S.C. § 1118.

**IV.    <u>Order Authorizing Continued Alternative Service by Electronic Means</u>**

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service

   by electronic means that was ordered in the TRO and PI Order, shall be deemed effective as to

   Defendants through the pendency of this action.

## V.        Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants' Frozen Assets, Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 30th day of June.

_____
HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE