UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTAR MARKETING GROUP LLC,<br><br>                   Plaintiff,<br><br>           -v.-<br><br>66LINMEICHENG66, ALLSTAR, ANCIENT&MODERN, ANGELA ELECTRONIC SECURITY STORE, ATWM, AUTHURBEAUTY, AUTUMN BOX, AZHANGQIN258, BABYLAND, BAISHU, BEAUTIFUL TO ENCOUNTER, BEST QUOTE SHOP, BETTA, BIGWORLDLITTLETHINGS, BO MOBILE PHONE SHOP, BOLIN2016, CATHLEEN1995LI, CHEAPBUY, CHENGTHEW, CHENJUNGE, DDCCTK221168, DYLYOUXIANGONGSI, EASYSPORTS, ECAR, EFS-BUYING-SHOP_3, ERA INTERNATIONAL, EXPRESSLOVE333, FANG HONG, FASHION STORE CHEN, FASHION_FASHION, FENNCOCOM, FONDDY, FREERUNNING, FREESION FASHION SHOP, GOGOGETIT, GUAN NI FRANCHISE STORE, GYM EVERYDAY, HAITINGSTORE, HOPE&HONEY, HUANGHANGYUANG01, HUIJI, HUIYING, JIAKAIFUSHI, JIALIKITCHEN, JINGLINMEI, JOY_MALL, JTS2014, JUANJUAN, and JUANZI,<br><br>                   Defendant. | 19 Civ. 4209 (KPF)<br><br>**OPINION AND ORDER** |

KATHERINE POLK FAILLA, District Judge:

On June 30, 2020, the Court issued an Order entering judgment as to certain defaulting defendants identified therein (collectively, the "Defaulting

Defendants"). (Dkt. #73).¹ In that Order, the Court granted Plaintiff Allstar Marketing Group LLC portions of the relief it sought, including: (i) statutory damages; (ii) a permanent injunction; and (iii) authorization to continue alternative service by electronic means as to the Defaulting Defendants. (*Id.*). The Court writes here to explain its decision to deny Plaintiff four components of the relief it sought in its proposed default judgment order: (i) Plaintiff's request that the Court enter a temporary continuance of the restraint upon the Defaulting Defendants' assets for a period of 30 days (the "Temporary Restraint Request") (Dkt. #67 § V); (ii) Plaintiff's request that the Court enter a post-judgment freeze of the Defaulting Defendants' assets, and that such assets be transferred to Plaintiff by the Financial Institutions that hold them in satisfaction of the Defaulting Defendants' obligations to Plaintiff (the "Freeze and Turn Over Request") (*id.* at § VI); (iii) Plaintiff's request that the Court enter injunctive relief against Financial Institutions and Third Party Service Providers (the "Third Party Requests") (*id.* at § III, ¶¶ 3-4); and (iv) Plaintiff's request that the Court grant continued alternative service by electronic means as to the Financial Institutions and Third Party Service Providers (the "Alternative Service Request") (*id.* at § IV). As will be made clear in this Order, in declining to grant these four forms of relief, the Court was persuaded by the well-reasoned and thorough analyses provided by its sister courts in *Spin Master Ltd.* v. *158*, No. 18 Civ. 1774 (LJL), 2020 WL 2766104 (S.D.N.Y. May 28, 2020),

---

¹ The Court adopts the naming conventions employed in its Order granting default judgment. (Dkt. #73).

and *Allstar Mktg. Grp., LLC* v. *158*, No. 18 Civ. 4101 (GHW), 2019 WL 3936879 (S.D.N.Y. Aug. 20, 2019); the Court adopts the substance of those analyses herein.

*First*, the Temporary Restraint Request seeks to prevent the Defaulting Defendants from interfering with any property in which they have an interest for 30 days after the entry of default judgment, except as set forth in §§ 5222(h)-(i) of the New York Civil Practice Law and Rules ("CPLR"). (Dkt. 67 at § V). Plaintiff's Memorandum of Law in Support of Default Judgment explains that it seeks this relief in light of Federal Rule of Civil Procedure 62(a), which would prevent it from executing a default judgment and enforcing an award of damages until 30 days after the entry of the judgment. (Dkt. #66 at 23-24). Plaintiff argues that this provision would give the Defaulting Defendants a 30-day window in which to dispose of their assets that might otherwise be used to satisfy their obligations to Plaintiff. (*Id.*). The Court declines to grant the Temporary Restraint Request, instead agreeing with Judge Lewis J. Liman that the better solution is for it to exercise its authority pursuant to Rule 62(a) to relieve Plaintiff of the 30-day stay of its ability to execute upon the default judgment. *See Spin Master Ltd.*, 2020 WL 2766104, at *24. Thus, Plaintiff may execute on and enforce the default judgment immediately.

*Second*, the Freeze and Turn Over Request seeks to continue the prejudgment asset restraint previously imposed upon the Defaulting Defendants in the Court's temporary restraining order and preliminary

injunction (Dkt. #29), and to require that the Financial Institutions holding those restrained assets transfer them to Plaintiff (Dkt. #67 at § VI).  In support of this request, Plaintiff invokes Federal Rules of Civil Procedure 64, 65, and 69; 15 U.S.C. § 1116(a); and CPLR § 5222.  The Court concludes that it lacks the authority to grant the Asset Freeze and Turn Over Request for substantially the same reasons offered by Judge Gregory H. Woods in *Allstar Mktg. Grp., LLC*. 2019 WL 3936879, at *1-4; *see also Spin Master Ltd.*, 2020 WL 2766104, at *22-23 (adopting Judge Woods's analysis).  Plaintiff's requested relief would require unknown third-party Financial Institutions to transfer the Defaulting Defendants' assets to Plaintiff, irrespective of whether other creditors held a superior claim to those assets.  Sections 5222 and 5225 of the CPLR — which, pursuant to Rule 69, would govern the procedure of executing on the judgment entered here — "require that notice and an opportunity to be heard be given to third parties in possession of, or who may be entitled to, those assets before transfer."  *Spin Master Ltd.*, 2020 WL 2766104, at *23.  The Asset Freeze and Turn Over Request would thus plainly violate Rule 69, and §§ 5222 and 5225, which do not permit Plaintiff to "brandish the Court's authority over unknown third-parties, the identities of whom are unknown to the Court and over whom the Court may not possess personal jurisdiction."  *Allstar Mktg. Grp.*, 2019 WL 3936879, at *4.

   Nor could the Court grant the Asset Freeze and Turn Over Order pursuant to § 1116(a), which permits a court to grant an injunction to prevent further infringement by defendants, so long as such relief is "narrowly tailored

4

to fit specific legal violations" and "not impose unnecessary burdens on lawful activity." *Allstar Mktg. Grp.*, 2019 WL 3936879, at *3. But this provision "does not deal with execution after a judgment is entered." *Spin Master Ltd.*, 2020 WL 2766104, at *22 n.10. Further, for the reasons provided by Judge Liman in *Spin Master*, Rules 64 and 65 do not provide Plaintiff with the right to the relief sought in the Asset Freeze and Turn Over Order. *Id.* at *23.

*Third*, the Court declines to grant the Third Party Requests because it "lacks authority to, and will not, enjoin third parties, including financial institutions and third party service providers, who are not before" it. *Spin Master Ltd.*, 2020 WL 2766104, at *19. "A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired *in personam* jurisdiction." 11A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2956 (3d ed. 2020). Indeed, "holding a nonparty in contempt for engaging in enjoined conduct might be considered as a possible denial of due process." *Id.* The Court might still grant the injunctive relief sought pursuant to Rule 65(d) if Plaintiff demonstrated that any Financial Institutions and Third Party Service Providers were "in active concert and participation" with the Defaulting Defendants. *See Allstar Mktg. Grp*, 2019 WL 3936879, at *3 ("The Court cannot conclude that a third-party who merely holds the Defaulting Defendants' assets — which may be wholly unrelated to the counterfeiting at issue in this case — is by definition 'in active concert or participation' with the Defaulting Defendants."). But Plaintiff has failed to do so.

*Fourth* and finally, the Court authorized continued electronic service upon the Defaulting Defendants, but does not grant the same authorization as to alternative service upon Financial Institutions or Third Party Service Providers.  "District courts have "sound discretion" on whether to allow alternative service under Rule 4(f)(3)." *Spin Master Ltd.*, 2020 WL 2766104, at *21.  "Although not explicitly provided for in the Rule, district courts in this Circuit generally impose two additional threshold requirements before authorizing service under Rule 4(f)(3): [i] a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and [ii] a showing that the circumstances are such that the court's intervention is necessary."  *Devi* v. *Rajapaska*, No. 11 Civ. 6634 (NRB), 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012); *see S.E.C.* v. *China Northeast Petrol. Holdings Ltd.*, 27 F. Supp. 3d 379, 398 (S.D.N.Y. 2014) (same).  The Court finds Plaintiff's justification for the need for alternative service by electronic means as to the Defaulting Defendants, which Plaintiff offered in its memorandum of law in support of the temporary restraining order, to be sufficient for its continued authorization.  (Dkt. #18).  But Plaintiff has made no effort to explain why alternative service by electronic means should continue as to Financial Institutions and Third Party Service Providers in the temporary restraining order.  Without any reason to grant such authorization, it declines to do so.

    SO ORDERED.

Dated:    June 30, 2020
           New York, New York

                                          KATHERINE POLK FAILLA
                                         United States District Judge